ELLIS, Judge:
Plaintiff, The Travelers Insurance Company, brings this suit against J. E. Jumon-ville, Sr. for the value of a tape recorder admittedly destroyed by defendant. After trial on the merits, judgment was rendered in favor of defendant, and plaintiff has appealed.
On January 8, 1971, Andrew James Hel-ouin, a claims adjuster for Travelers, went to defendant’s home for the purpose of taking a statement from J. E. Jumonville, Jr., defendant’s son. He was carrying an attache case which contained a Dictaphone tape recorder. Mr. Jumonville, Jr. was not then present, and defendant invited Mr. Helouin to wait. During the hour or so before Mr. Jumonville, Jr., arrived, defendant and Mr. Helouin indulged in some conversation of an unspecified nature, and defendant also spoke on the phone on a couple of occasions.
When Mr. Jumonville, Jr. arrived, he accompanied Mr. Helouin to a small office in the house, where Mr. Helouin proceeded to take his statement on the recorder. When the statement had been completed, defendant happened to enter the office, and saw the recorder. He asked if it was a recorder, and on being told that it was, picked it up and threw it to the floor, damaging it beyond repair. Defendant refused to pay for the tape recorder, and this suit followed.
It is clear from the record that defendant intentionally threw the tape recorder to the floor, and that he was aware that the destruction thereof was a natural consequence of his act. This case, therefore, involves an intentional tort, for which defendant is liable unless he can show some legal justification for his act. Article 2315, Civil Code.
The defense is that Mr. Helouin, in bringing a tape recorder into defendant’s home, violated his right to privacy, and that defendant used reasonable force to defend the integrity and privacy of his home. Defendant apparently claims that his position as a state senator makes him more sensitive to recording devices than is the average citizen.
We find no merit to the defense. Defendant offers no authority for his position, and we have found none. It is clear from the record that the recorder was activated only for the purpose of taking the statement, and there was no reason whatsoever advanced as to why defendant might suspect otherwise. A reasonable man might make inquiry or investigate if he fears unlawful surveillance might have taken place. He might ask to hear the tapes played back. However, he may not indulge himself in the wilful and wanton destruction of the property of others because of a mere suspicion or his own personal prejudices.
The judgment appealed from is reversed, and there will be judgment herein in favor of plaintiff, The Travelers Insurance Company, and against the defendant, J. E. Jum-onville, Sr., in the sum of $435.47, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.
Reversed and rendered.